**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOYCE LUIS COIMBRA ACOSTA, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. H-26-2941 |
| vs. | § | |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER**

The petitioner is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials within the Southern District of Texas. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenges the petitioner's continued detention. The petitioner argues that the immigration detention has now become unreasonably long, violating the Fifth Amendment's Due Process Clause. After a careful review of the petition, the parties' responses, the record, and the applicable law, *see Banegas Avila v. Frink*, No. CV H-26-916, 2026 WL 976144, at *3 (S.D. Tex. Apr. 10, 2026); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433 (3d Cir. 2026); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020), the court agrees.

The petitioner's detention is unreasonable, being longer than six months and likely to continue for more, and in violation of the Fifth Amendment's Due Process Clause. The respondents must provide the petitioner with a bond hearing before an immigration judge at which the government bears the burden of proving, by clear and convincing evidence, that the petitioner presents a risk of flight or a danger to the community. The respondents must provide this hearing by **June 1, 2026**, or release the petitioner by that date. The parties must file an update with the

court by **June 3, 2026**, informing the court of the result of the hearing and the petitioner's custody status.  The respondents' motion is **denied** and the petition for a writ of habeas corpus is **granted in part**.

SIGNED on May 22, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge